1826.86. We'll hear from counsel for appellants. Good morning, Your Honors, and may it please the court. Because plaintiffs were not given the opportunity to make a factual record and prove the Cook County Ordinance at issue did not meet the Freedman v. Highland Park standard, and that Cook County residents are not left with adequate alternative means of self-defense in their homes. And because the Cook County Ordinance cannot survive under the Heller or Ezell analysis, the District Court's 12B6 dismissal of both the semi-automatic rifle and large capacity magazine claims should be reversed. The adequate alternatives test is by definition a factual inquiry. It cannot be denied that Cook County is much larger and demographically diverse than Highland Park, and what is adequate for one is not necessarily adequate for the other, as if the Freedman analysis is no more than a one-size-fits-all standard. Based on the facts seduced in Freedman, that city suffers little crime. Plaintiffs should be allowed to develop facts to show that the criminal threats facing Cook County residents in their homes sadly necessitate more instances of self-defense and defense of one's family. What facts in Freedman did this court rely on in issuing its opinion? Though the majority opinion in Freedman did not specifically state such facts, clearly there were many facts in the record that were submitted to the court, and the court concluded that the ordinance left Highland Park residents with adequate alternatives for self-defense. So you would agree, though, that the majority, I know the dissent did, but the majority in Freedman did not rely on any specific factual findings in rendering its opinion, did it? No, Your Honor. Respectfully, I disagree. They must have in order to come to the conclusion that Highland Park residents had adequate alternatives and Highland Park residents did not need these firearms or large-capacity magazines for self-defense, even if in the five-page, I believe, opinion they did not go into detail on what facts they relied upon. But they must have in order to come to that conclusion. And if they did not rely on any facts in order to come to that conclusion, then it really underscores all the more why plaintiffs should have been allowed to develop a factual record in this case. Would you agree, and I think you did in the briefing, that the ordinance at issue here is essentially identical to the ordinance at issue in the Highland Park case? Yes, I believe they are. And what, if any, factual distinctions have you pled between those two cases that would distinguish this case from Highland Park? That the firearms and large-capacity magazines, that the plaintiffs not only prefer them for self-defense but would use them for self-defense. Under Heller, that really is all that is required. But Heller didn't address that issue. Heller addressed handguns in the home. The ultimate factual underpinning of Heller involved handguns in the home because that was the ordinance being challenged. That is not the principles of Heller, that what is protected are the types of arms that are in common use at the time by law-abiding persons for lawful uses, such that a person would be expected to have in their home in case called for a militia, for example, was not limited to handguns. The Second Amendment right as pronounced in Heller of common use, in no way was its holding limited to handguns, even if the ordinance at issue ultimately involved that firearm. Let me go back, if I could, to what factual distinction have you pled in this case, given that the ordinances are essentially identical? What factual distinction have you pled here to take this outside of Freedman? I don't know that specifically it was pled because this was originally a 2007 case that was refiled in Cook County and then removed here. But then it was filed separately here. In responding to a 12B6 motion, you're entitled to elaborate on facts. What did you elaborate on in the district court? We elaborated on that Cook County as a whole with over 5 million residents is not Highland Park with its 29,000 residents, that while the Highland Park police chief submitted a declaration that these firearms were not needed for self-defense, Cook County residents face a much different criminal threat and they face a much different demographic situation, which is why these... How so? What are the different demographics you're talking about? Well, I mean, it's Cook County from the south side of Chicago all the way up north is much more demographically diverse. Are you talking about race? Say again, Your Honor? Are you talking about race and ethnicity? I'm not talking about race specifically. What are you talking about? I am talking about crime statistics and homicide rates and... I thought you were talking about demographics. When I say demographics, I guess I'm more thinking of, as opposed to race, perhaps I'm more talking about, let's say, income level. Let's say that there are gang problems, there are more break-ins, there are more drug crimes, there are more instances. And, I mean, one only need read the newspaper to see this, that Cook County as a whole is not the same as the little city of Highland Park. And plaintiffs have only asked for the opportunity to show that. Now, they pled that, and they put that in their... What measure of crime levels do you think mean that... I know you disagree with Friedman, but that's our circuit precedent. Under your analysis, at what crime level increase does the Second Amendment extend to assault rifles? I don't believe that under Heller, the Second Amendment depends on crime levels at all. I'm asking you under Friedman. Under Friedman. In your attempt to distinguish Friedman. Well, plaintiffs are asking for the opportunity to make the case to show that because of the differences in... I'm saying demographics, but I really mean that as a broader term. I mean, people live in apartments that are... Houses, maybe, that are closer together. An AR rifle with... Go ahead. An AR rifle with a .223 caliber bullet is less likely to go through walls. Than what? I'm sorry, Ron? It's less likely to go through walls than what? Than, say, a handgun. What's the muzzle velocity of the weapons that the plaintiffs want to keep? It's about three times the muzzle velocity of most handguns, isn't it? Well, it might be. I'm not entirely sure. What I do know is that the caliber bullet is more likely to stop the attacker while not going through anything behind. What's the effective range of these guns? Well, more than one would need necessarily in the home, but that's not really the... One would hope you're... One's not asking for the Second Amendment right to use it as a sniper rifle, but one is using it. It can't be denied. Even Friedman noted this, that there are people for whom the AR rifle is a better self-defense tool than a handgun. Would you agree that a ban on private possession of automatic rifles is constitutional? Yes, and even if I didn't, it's not an issue in this case. But automatic weapons are not the type that civilians commonly had at the time of the founding or since. Nor assault rifles, for that matter. Well, assault rifle is just the modern iteration of the regular rifle that civilians had. You pull the trigger once, one bullet comes out. What are you relying on for that? What are you relying on to make that distinction? All the cases say that. You really want to get into muzzle-loading flintlocks? And Friedman doesn't say that. You don't want to go that direction, I don't think. Well, no, I don't want to go back. I'm not trying to argue or say that the Second Amendment only protects muskets or anything like that. What I am saying is that the Heller Court acknowledged that technology improves over time. That'd be the First Amendment, the Fourth Amendment, and including the Second Amendment. What is in common use at the time is not automatic weapons, but all the cases acknowledge that there are millions of the arms and the large-capacity magazines at issue in circulation, in use, by law-abiding people for law-abiding purposes, including self-defense in the home. Should common use be evaluated, do you think, on a national level, on a local level, census-tracked, state-by-state, what do you think? I believe it should be tracked on a national level. Friedman, however, seems to indicate that by saying what's adequate for plaintiffs are looking for the opportunity to comply with that and make a case that Cook County is not like Highland Park, and therefore what might be, according to Friedman, adequate alternatives for Highland Park are not adequate alternatives for the 5 million residents of Cook County. I have reserved time for rebuttal. I'm happy to keep answering questions, however. Thank you very much. Thank you. All right. We'll hear next for the defense from Ms. Scheller. Good morning. May it please the Court, Assistant State's Attorney Jessica Scheller appearing on behalf of the Cook County defendants. As my opponent has correctly noted, Friedman is the law of this circuit. It is a relatively recent precedent. It was resolved in 2015, and nothing that has been raised in the complaints or cited in the briefs should lead this Court to believe that there is any reason to revisit or overturn it. Is there a way to reconcile Friedman with Ezell? I believe that there is. It appears that Friedman did not really apply the test from Ezell, but if you look at the Cook County assault weapons ban and apply Ezell to it, I believe we reach the same outcome, which is you apply a more rigorous standard than intermediate scrutiny, coming closer to strict scrutiny, and you look to see whether there's a substantial government interest. And here, there clearly is. So you just pre-termit the question? I'm sorry? You just pre-termit the question of whether or not the weapons involved are covered by the Second Amendment? You just leave that question alone? Your Honor, I believe that the pure curiam decision in Caetano suggests that the weapons in question are bearable arms covered by the Second Amendment, though there is not a consensus among the circuits which have taken up this issue on that point. But returning to the Court's question concerning Ezell, I do believe that there is, based on judicial notice alone, substantial evidence in the public record that Cook County has a significant interest in protecting its citizens from these weapons, which are highly lethal, incredibly dangerous, and which cause mass casualties. And then Ezell instructs that you must look to make sure that it's a tight fit between the compelling or substantial interest and the regulation itself. And I believe that the Cook County Ordinance satisfies that test because it first regulates assault weapons generally, and then when it turns to semi-automatic pistols or semi-automatic shotguns, it must be that the weapon is semi-automatic and also have several other combinations of features which then render it regulable. So if we were to apply Ezell in this case as opposed to Friedman, I believe we would end up with the same result, and that is that the Cook County assault weapons ban passes constitutional muster. While the Supreme Court in Heller acknowledged that the Second Amendment codifies a right for law-abiding citizens to bear arms in the home for self-defense, the Court expressly noted that it is not an unlimited right. And unlike Plaintiff's contention here, Heller specifically noted that the firearm preference for self-defense, which goes to the core Second Amendment right, is a handgun. Heller did not in any way suggest that military weapons, assault weapons, semi-automatic rifles also touched upon the core right of the Second Amendment. I think it's important to note that distinction when plaintiffs discuss that there is not an adequate alternate means of self-defense in this case, and that's critically important here because they have failed to point out how citizens of Highland Park have access to any greater means of self-defense than citizens of Cook County. So it's not necessarily, as plaintiffs suggest and the county rejects, the dangers posed by specific socioeconomic demographics or ethnic demographics, but rather what means of self-defense are available to the citizens in that county. They have pointed to not one regulation, not a single one, which imposes a higher burden upon Cook County residents to have firearms for the core purpose of self-defense in the home, as opposed to what Highland Park residents have available to them. In addition to that, what the plaintiffs encourage the courts do here is create a split among the circuits, which have repeatedly and unanimously held that assault weapons bans are perfectly acceptable under the Second Amendment, that large capacity magazines pose an increased danger to society and are also regulable. And so it's not just that the plaintiffs are asking this court to ignore Friedman. They are also asking this court to adopt their radical view and go it alone, interpreting Heller to go far beyond what the Supreme Court noted in that case. Indeed, every appellate circuit which has attempted to establish a test governing firearms regulations within their jurisdiction has noted Heller did not provide a doctrinal test. It did not. So for plaintiffs to argue to this court that not only did it provide a doctrinal test, but that test would allow for assault weapons to be held in the home of everyday citizens is just lacking in merit. Beyond that... Joy, does it matter here that the district court may have gone a bit too far in ruling that Friedman imposed a categorical ban on these weapons under the Second Amendment? There is authority which suggests that categorical bans are not acceptable under the Second Amendment. However, I don't believe that the district court's opinion modifies the Seventh Circuit's law as set forth in Friedman, nor does it really run afoul any of the other established laws of the other circuits. So you're saying that the district court's ruling wasn't dependent upon that particular statement or finding? I don't believe so, because Friedman applies to this materially analogous ban in the same way regardless of what the district court might have said in an offhand comment concerning the particular application of it. Do you agree that a categorical ban on automatic rifles is constitutional? I do. The Supreme Court has stated that certain weapons are so dangerous and or unusual that categorical bans are acceptable. We don't believe, however, that the Cook County Ordinance poses a categorical ban. There are certain weapons that are weapons of war that are dangerous, and when they have certain characteristics, they are not permitted within the boundaries of Cook County. And then there are yet other firearms which, if there are a combination of factors, are similarly regulated. But we don't believe that the ordinance goes so far as to be a categorical ban. What is not banned? What makes you think this is not a categorical ban? So, for example, a citizen of Cook County is permitted to have a semi-automatic shotgun so long as it does not have a characteristic where the muzzle can be held by the non-trigger hand while you are reloading, and there's a limited number of munitions per the magazine clips that it can accept. The same is true for a semi-automatic pistol. If the semi-automatic pistol has a fixed magazine that accepts 10 or fewer bullets, it's perfectly acceptable under the Cook County Ordinance. However, if it is modified, if it can accept a magazine which has a greater number of bullets, then that is a regulated firearm under the ordinance. Similarly, you can have a shotgun in Cook County that's semi-automatic. You cannot have a shotgun in Cook County that can act as a rocket-propelled grenade launcher. The ordinance has specific combinations of features for the firearms that are commonly used for defense in the home which limit the specific type of accessories that can be put on that firearm such that it cannot be weaponized into a weapon that would be commonly used in a mass shooting but is otherwise available for persons to use in the defense of their home, which is the core Second Amendment right discussed by Heller. We believe that the district court should be affirmed. Freedman is the law of the circuit. The plaintiffs have provided this court with no facts or legal justification to overturn it, and unless the panel has any further questions, I yield the remainder of my time. Thank you, Counsel. Thank you. Rebuttal, Mr. Siegel? Your Honor, this case was not dismissed by the district court based on Twombly, but it was based on the assertion that Freedman said that the firearms were categorically unprotected. That is an incorrect legal conclusion. I want to address for a second the lethality argument that the county has raised and the county has cited to Colby. Basically, the reason why these firearms are banned is because the Colby court, when it talks of lethality, what it really means is that it believes these firearms work too well and that the Colby court and apparently the Cook County Board believe that a less useful firearm, one that doesn't work as well, is good enough. When they say that ten bullets in a magazine is enough, what they're really saying is that they're making the decision that if more than one attacker comes through your door and you have a magazine with ten rounds and you fire wide or you're nervous and you run out too bad because the Cook County Board has decided that ten is enough. The 28-J letter I submitted about the Duncan v. Becerra case goes into great detail and cites many real-world examples. I don't believe, Your Honor, that Heller allows the government to decide what a person needs for self-defense. People are infirm. Why not automatic? It would be more effective, wouldn't it? No, I don't believe that it would. A semi-automatic rifle, which is only an assault weapon because that's the name they give to it, which is not an automatic weapon, which is not a machine gun, that firearm, that AR-15, for example, it's lighter, it's more accurate, it allows the user... Couldn't somebody make the argument, though, look, I know how to use an automatic weapon. This will be far more effective for my taste, and I'm entitled to make my own decision about how I'm going to defend my property. No, Your Honor, because those firearms have never been used by law-abiding civilians for lawful purposes, not back in Heller and not now. And so if someone tried to argue now, it completely would run afoul of Heller as it interpreted Miller. Anything further? Yes, Your Honor, if you don't mind. I do. You're over time. Oh, I am. I'm sorry. You can sum up. The firearms that are in large-capacity magazines, there's two claims, they're in common use, they're used by law-abiding persons, and they're used for the common purpose of self-defense in the home. The plaintiffs were not given an opportunity to show this. They were not dismissed on a Twombly, claimed that they didn't plead sufficiently. They were knocked out of the box before having a chance because the district court misunderstood Freedman, misread Freedman, and said that these firearms are categorically unprotected, and even Freedman didn't say that. Thank you. The case is taken under advisement.